

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 04-22396-CIV-UNGARO-BENAGES/O'SULLIVAN

AQUA TOY STORE, INC.,
a Florida corporation,

      Movant,

v.

TRIPLECHECK, INC.,
a Florida corporation,

      Respondent.
_____/

**RESPONSE IN OPPOSITION TO RESPONDENT'S VERIFIED MOTION
FOR ATTORNEY'S FEES AND COSTS AND REQUEST FOR ORAL ARGUMENT**

      AQUA TOY STORE, INC. (hereinafter referred to as the "Movant"), by and through its undersigned counsel, hereby files its Response in Opposition to Triplecheck, Inc.'s (hereinafter referred to as the "Respondent") Verified Motion for Attorney's Fees and Costs and Request for Oral Argument, and in support thereof states as follows:

      1.    On September 23, 2004, Movant commenced this proceeding to vacate, modify and/or correct an arbitration award rendered by the Society of Maritime Arbitrators, Inc. in favor of Respondent (hereinafter referred to as the "Motion to Vacate").[1]

      2.    The arbitration award was made under a U.S. Open Form Salvage Agreement a/k/a Marsalv (hereinafter referred to as the "Salvage Agreement").  A true and correct copy of the Salvage Agreement is appended to the Motion to Vacate as Exhibit "E" and is incorporated herein by this reference.

---

[1] Respondent was awarded $31,185.00 on its maritime salvage claim and $6,612.50 for attorney's fees.

3. The Movant contended that the award should be vacated because the arbitrator manifestly disregarded the law on standing. More specifically, the arbitrator issued an award in favor of Respondent under the Salvage Agreement despite the fact that the Respondent was not a party to the Salvage Agreement. The only parties to the Salvage Agreement were Sea Tow Miami and Movant. As acknowledged by Respondent and as evidenced by the filings with the Florida Division of Corporation, however, the only entity that conducted business as Sea Tow Miami on the date the alleged salvage services were rendered and on the date the Salvage Agreement was executed (March 30, 2003) was BHRS, LLC. Respondent was not even incorporated until April 17, 2003 and did not conduct business as Sea Tow Miami until July 1, 2003. Motion to Vacate, ¶ 19 and Memorandum of Law, pp. 3 – 7.[2]

4. On or about October 16, 2004, Respondent filed its Responsive Memorandum of Law/Motion for Summary Judgment and Application for Confirmation of Arbitration Award (hereinafter referred to as the "Response").

5. On January 14, 2005, Movant filed a reply to the Response.

6. On April 29, 2005, the Court entered an Order denying the Motion to Vacate and confirming the arbitration award.

7. On or about May 20, 2005, Respondent filed a Verified Motion for Attorney's Fees and Costs (hereinafter referred to as the "Motion for Fees").

8. In the Motion for Fees, Respondent contends that it is entitled to an award of attorney's fees and costs under the Salvage Agreement.

---

[2] Movant also reiterated the additional defenses it had raised to the award in the arbitration proceeding. At pages 3, 5, 7, and 9 of the Response, Respondent states that "the grounds relied upon by the Movant in its Motion [to Vacate] were raised and addressed by the Arbitrator," that "Movant and Respondent participated in such arbitration proceedings and argued the issues as herein attempted to be presented in Movant's current Motion," and that "Movant raised and argued these exact present issues with the Arbitrator and the Arbitrator held contrary." In other words, Respondent repeatedly contended that Movant was taking a prohibited second and third bite at the apple by raising the identical arguments over and over again.

2

9. However, the Salvage Agreement only authorizes a discretionary award of attorney's fees incurred to secure an arbitration award from the Society of Maritime Arbitrators, Inc. The Salvage Agreement does not authorize an award of attorney's fees in federal court after an arbitration award is obtained from the Society of Maritime Arbitrators, Inc.[3] The Salvage Agreement clearly and unmistakably provides as follows:

> "**SIXTH:** . . .
>
> (2) Disputes involving the salvage of yachts and other recreational vessels shall be resolved in the United States under the Rules for Recreational and Small Vessel Salvage Arbitration of the Society of Maritime Arbitrators, Inc. The Arbitrator(s) shall be familiar with maritime salvage, and shall be empowered to resolve any differences as to the application of subparagraphs (1) or (2) above. **Any award made hereunder may include attorney's fees and costs, and shall be final and binding. For the purpose of enforcement the Award may be entered for judgment in any court of competent jurisdiction.**"

10. The attorney's fee provision in the Salvage Agreement stands in stark contrast to the attorney's fee provision in <u>Southernmost Marine Services, Inc. v. M/V Potential and Northern Ins. Co.</u>, 250 F. Supp. 2d 1367 (S.D. Fla. 2003) cited by Respondent in support of its Motion for Fees. In <u>Southernmost Marine</u>, the attorneys' fee provision provided that fees were recoverable if incurred "incident to litigation." The distinction between fees incurred in securing an arbitration award and fees incurred incident to litigation, is a distinction with a material difference. In the latter instance, the fees are recoverable but, in the former instance, they are not. This interpretation is consistent with the American Rule and the case law interpreting it.

---

[3]Respondent concedes this point at page 3 of the Response by stating that "any award may include attorneys' fees and expenses of the arbitrator."

11.     Respondent also contends that it is entitled to an award of fees because the Motion to Vacate lacked merit.  Movant vigorously opposes Respondent's characterization.  Movant respectfully submits that the issue of whether a person may derive benefits from a contract to which it is not a party is a substantial and proper basis for contesting the arbitration award.

12.     For the foregoing reasons, Movant respectfully submits that Respondent is not entitled to an award of attorney's fees or costs.  Alternatively, Respondent's repeated proclamations that the issues raised in this arbitration proceeding were merely regurgitated in this action renders an additional award of attorney's fees improper.  To the extent the Court determines that Respondent is entitled to fees, Movant respectfully requests oral argument on the issue of reasonableness.

**WHEREFORE**, Movant respectfully requests this Honorable Court to deny Respondent's Motion for Fees in all respects and for such other and further relief as the Court may deem just and proper.

> ELGIDELY LAW OFFICE CHARTERED
> Attorney for Movant
> 888 East Las Olas Boulevard, Suite 508
> Fort Lauderdale, Florida 33301
> Telephone: (954) 763-7555
> Telecopier: (954) 763-8555
>
> By:_____
>       Robert F. Elgidely, Esq.
>       Florida Bar No. 111856

4

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that true and correct copy of the foregoing Response in Opposition to Respondent's Verified Motion for Attorney's Fees and Costs and Request for Oral Argument has been served via facsimile and U.S. Mail to MICHAEL J. MCHALE, ESQ., Michael J. McHale, P.A., 1600 Southeast 17th Street Causeway, Suite 404, Fort Lauderdale, Florida 33316, this the 29th day of June, 2005.

By:_____
　　Robert F. Elgidely, Esq.