UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-22396-CIV-UNGARO-BENAGES/O'SULLIVAN

AQUA TOY STORE, INC.,

    Plaintiff/Counter-Defendant,

v.

TRIPLECHECK, INC.,

    Defendant/Counter-Plaintiff.
_____/



FILED by _____ D.C.
MAG. SEC.
JUL 13 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.

## REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendant/Counter-Plaintiff Triplecheck, Inc.'s Verified Motion for Attorney's Fees and Costs (DE #19, 05/20/05). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Ursula Ungaro-Benages, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636 (b). Having reviewed the filings and law, the undersigned respectfully recommends that the Defendant/Counter Plaintiff's Verified Motion for Fees and Costs Against the Plaintiff/Counter-Defendant be **GRANTED IN PART AND DENIED IN PART** in accordance with the following Report and Recommendation.

### BACKGROUND[1]

The plaintiff/counter defendant AQUA TOY STORE, INC. (ATS) is the owner of

---

[1] The facts referred to in this Report and Recommendation are adopted from the statement of facts in this Court's Order Denying Plaintiff's Motion to Vacate Modify, And/Or Correct Arbitration Award and Order Confirming Arbitration Award. (DE # 17, 04/29/05).

the vessel My Way, a forty-six (46) foot motor yacht. On March 30, 2003, the vessel found itself in distress off the coast of Miami. The vessel issued a distress call and non-party, Sea Tow Miami, responded to the call. Captain Brian Hawthorne and Jay Phillips were dispatched to the scene aboard the salvage boat Tsunami. Capt. Hawthorne successfully de-watered and towed the vessel to the Haulover Marine Center.

Once at the Haulover Marine Center, Tighe Estes, the agent of the vessel owner[2], consulted with Capt. Hawthorne and the parties entered into a contract. The salvage agreement, also referred to as a MARSALV agreement, stated that Sea Tow's services had been performed on a "No Cure-No Pay" basis. The contract explained "No Cure No Pay" to mean that Sea Tow 's compensation was conditioned upon successful salvage of the My Way and was to be calculated according to the Provisions of Article 13 of the 1989 International Convention on Salvage. The contract also provided that agreement would be governed and constructed in accordance with the federal maritime law of the United States and that any disputes would be resolved by an arbitrator under the Rules for Recreational and Small Vessel Salvage Arbitration of the Society of Maritime Arbitrators, Inc.

A dispute concerning defendant's compensation arose on June 4, 2003. After unsuccessful negotiations regarding the amount to be paid under the contract, the parties agreed to submit the dispute for arbitration. The arbitrator found in favor of the

---

[2]Mr. Estes signed the contract on behalf of the My Way, identifying himself as the vessel's owner on the contract's signature line.

defendant/counter-plaintiff Triplecheck[3], awarding $39,011.00.[4]  ATS appealed the arbitrator's award pursuant to the rules published by the Society of Maritime Arbitrators, Inc. and the award was upheld.  ATS then filed the present action seeking the award to be vacated, modified and/or corrected. (DE # 1, 09/23/04).  Triplecheck filed a Response and a Motion for Summary Judgment and for Confirmation of the Arbitration Award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. (DE # 5, 10/16/04).  The Court denied ATS' Motion and granted Triplecheck's Motion For Summary Judgment and confirmed the arbitration award. (DE # 17, 04/29/05).  Triplecheck now requests attorneys fees and costs incurred during the defense and prosecution of the current action against ATS.

## ANALYSIS

### A. Entitlement to Fees

Triplecheck is seeking $5,580.00 in attorney's fees incurred during the defense and prosecution of this action against ATS.  Triplecheck argues two separate bases for their claim to attorney's fees: 1) that they are entitled to fees pursuant to the MARSALV

---

[3] "The arbitrator found as follows regarding the relationship between Sea Tow and defendant Triplecheck, Inc.  On March 30, 2003, Sea Tow was wholly owned by BHRS, Inc., a corporation wholly owned by Capt. Hawthorne and members of his family.  After this date, BHRS, Inc.'s 'rights, title, stock and interest in sea Tow Miami' was transferred to BHRS, LLC, a company wholly owned by Capt. Hawthorne and members of his family.  BHRS, LLC then transferred its interest in Sea Tow to Triplecheck, Inc., the entity which prosecuted the claim during the arbitration proceedings and which now seeks to confirm the arbitral award." (DE # 17, 04/29/05).

[4] The arbitrator awarded Triplecheck $31,185.00 on its maritime salvage claim, $6,612.50 for attorney's fees, and pre-judgment interest for a total of $39,011.00. (DE # 17, 04/29/05).

agreement; and 2) that they are entitled to fees in accordance with maritime salvage law. (DE # 19, 05/20/05).

1. Attorney's Fees against ATS Pursuant to the MARSALV agreement

Triplecheck claims that they are entitled to attorney's fees pursuant to the provisions of the MARSALV agreement. ATS argues that the salvage agreement only authorizes a discretionary award of attorney's fees incurred to secure an arbitration award from the Society of Maritime Arbitrators, Inc. ATS further argues that the agreement does not authorize an award of attorney's fees in federal court after an arbitration award is obtained from the Society of Maritime Arbitrators, Inc.

The agreement states in pertinent part:

> (2) Disputes involving the salvage of yachts and other recreational vessels shall be resolved in the United States under the Rules for Recreational and Small Vessel Salvage Arbitration of the Society of Maritime Arbitrators, Inc. . . **Any award made hereunder may include attorney's fees and costs and shall be final and binding.** For the purpose of enforcement the award may be entered for judgment in any court of competent jurisdiction. *Emphasis added.*

The undersigned finds that the award referenced in the agreement is the award obtained through arbitration and that the fees and costs referenced are those incurred in securing that award from the arbitrator. The agreement only provides that enforcement of the award may be obtained through court action. The agreement does not make any provisions for attorney's fees incurred in bringing such an action.[5]

---

[5]Triplecheck points to the cases of Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334 (9th Cir. 1986) and Harter v. Iowa Grain Co., 211 F.3d 338 (7th Cir. 2000) in support of their argument that they are entitled to

Accordingly, the undersigned finds that Triplecheck is not entitled to attorney's fees pursuant to the MARSALV agreement.[6]

### 2. Attorney's Fees against ATS Pursuant to Maritime Salvage Law

Triplecheck also claims that they are entitled to attorney's fees pursuant to the holding of Southernmost Marine Services, Inc. v. M/V Potential, 250 F. Supp. 2d 1367 (S.D. Fla. 2003). Triplecheck relies on Southernmost for the proposition that "the attorney fees in admiralty actions is discretionary and is specifically permitted in salvage cases." See id. at 1380. Southernmost cites Campania Galeana, S.A. v. Motor Vessel Caribbean, 565 F.2d 358, 360 (5th Cir. 1978), Cobb Coin v. Unidentified, 549 F. Supp. 540 (S.D. 1982), and Treasure Salvors, Inc. v. Abandoned Sailing, 556 F. Supp. 1319 (S.D. Fla. 1983) for this proposition. However, Triplecheck fails to mention that these holdings on attorney's fees have been greatly limited to allow the court to award attorney's fees only to an indemnitee against an indemnitor or only upon a showing of

---

attorney's fees pursuant to the MARSALV agreement. In both cases motions to vacate arbitration awards were brought and denied. The district court awarded both parties that successfully defended the motions attorney's fees incurred in opposing the respective motions. The courts awarded attorney's fees because the contracts in Kaiser and Harter provided for attorney fees in any action to enforce the contract. This case is distinguishable from Kaiser and Harter because the MARSALV agreement does not make any such broad provision. The only attorney's fees award that this contract specifically provides for are those incurred in securing an arbitration award from the Society of Maritime Arbitrators, Inc.

[6] Triplecheck argues further that because the arbitrator awarded them $6,612.50 in allowance for legal fees, ATS understood the plenary risk of having to pay attorney fees and costs should its position prove deficient. The undersigned finds this argument unpersuasive.

bad faith.[7]

In this case the first exception is not applicable. Triplecheck's argument comes closest to a request for the bad faith exception. Triplecheck argues that ATS' Motion to Vacate, Modify And/Or Correct Arbitration Award was without merit and that Triplecheck was forced to incur attorney's fees and costs in defending against the motion. Triplecheck does not indicate why ATS' Motion was without merit.[8] Triplecheck further argues that additional fees became necessary when ATS refused to pay the arbitration award and caused a counterclaim to be filed to confirm the arbitration award. These arguments without further explanation do not give rise to a finding of bad faith. Accordingly, the undersigned finds that Triplecheck is not entitled to attorney's fees pursuant to maritime salvage law.[9]

---

[7] See Noritake Co. v. M/V Hellenic Champion, 627 F.2d 724, 730-31 (5th Cir. 1980) ("Absent some statutory authorization, the prevailing party in a admiralty case is generally not entitled to an award for attorney's fees"); id. at 730-31 n. 5 (noting two judicially created exceptions to the general rule: 1) allowing attorney's fees to an indemnitee against an indemnitor as part of the reasonable expenses of defending against the claim; and 2) the exception allowing attorney's fees when the prevailing party has acted in bad faith defined by Vaughan v. Atkinson, 369 U.S. 527, 530 (1962)); Platoro, Ltd. v. Unidentified Remains, 695 F.2d 893, 906 (5th Cir. 1983) ("... *Galeana* clearly referred to an exception to the rule: that attorneys' fees may be awarded where the nonprevailing party has acted in bad faith"); Sands v. One Unnamed 23' Seacraft, Pleasure Vessel, No. 96-717-Civ-Orl-3ABF(19),1997 U.S. Dist. LEXIS 11178, at *14 (M. D. Fla. June 11, 1997) ("... the Court only has discretion to award attorneys' fees if sufficient bad faith is present").

[8] ATS maintains that the issue of whether a person may derive benefits from a contract to which it is not a part is a substantial and proper basis for contesting the arbitration award. (DE # 23, 06/29/05).

B. <u>Entitlement to Costs</u>

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." A "prevailing party", for purposes of the rule, is a party in whose favor judgment is rendered. See <u>All West Pet Supply Co. v. Hill's Pet Products Div., Colgate-Palmolive Co.</u>, 153 F.R.D. 667 (D. Kan. 1994). This means the party who won at the trial level, whether or not that party prevailed on all issues and regardless of the amount of damages awarded. <u>Id</u>. at 669. Triplecheck prevailed in the present case as the Court granted their application for confirmation of arbitration award. (DE # 23, 06/29/05). Accordingly, Triplecheck is entitled to receive all costs recoverable under 28 U.S.C. § 1920. A judge or clerk of any of the United States may tax as costs the following:

> 1) Fees of the clerk and marshal;
>
> 2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> 3) Fees and disbursements for printing and witnesses;
>
> 4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> 5) Docket fees under § 1923 of this title
>
> 6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920. In the exercise of sound discretion, trial courts are accorded great

latitude ascertaining taxable costs. However, in exercising its discretion to tax costs, absent explicit statutory authorization or contractual authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. §1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987); See also EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

Triplecheck seeks to recover $75.75 in costs for 505 copies at 15 cents per copy. ATS has not opposed the award of the requested costs. 28 U.S.C. § 1920 specifies that copies of papers "necessarily obtained for use in the case" are recoverable. The undersigned finds that the copies were "necessarily obtained for use in the case" within the meaning of 28 U.S.C. § 1920 and the number of copies and cost of the copies are reasonable. Accordingly, the undersigned respectfully recommends that Triplecheck be awarded $75.75 in costs.

## RECOMMENDATION

In accordance with the foregoing Report and Recommendation, the undersigned respectfully recommends that the plaintiff's Verified Motion for Attorney's Fees and Costs (DE #42, 5/10/04) be **GRANTED IN PART AND DENIED IN PART** in accordance with the foregoing Report and Recommendation and that Triplecheck be awarded $75.75 in costs.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Ursula Ungaro-Benages, United States District Court Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings

contained herein. <u>LoConte v. Dugger</u>, 847 F. 2d 745 (11th Cir. 1988), <u>cert</u>. <u>denied</u>, 488 U.S. 958 (1988); <u>Resolution Trust Corp. v. Hallmark Builders, Inc.</u>, 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this ___13___ day of July, 2005.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

United States District Court Judge Ungaro-Benages
All Counsel of Record